IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff/Respondent,<br><br>vs.<br><br>Luis F. Hernandez,<br><br>　　　　Defendant/Movant. | No. CR-02-422-PHX-PGR<br>　　CV-06–357-PHX-PGR (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255. (document # 44, CR-02-422-PHX-PGR)  Respondent has filed a response contending that the Motion should be dismissed as untimely. (document # 4, CV-06-357-PHX-PGR (LOA))  Movant has not replied to the Response.

**FACTUAL AND PROCEDURAL HISTORY**

On September 12, 2002, Movant was convicted of re-entry after deportation and was sentenced to 39 months imprisonment. (documents ## 25, 26)  Movant was convicted pursuant to a plea agreement in which Movant waived his right to appeal or collaterally attack his sentence unless "if the defendant succeeds in re-opening his prior removal in immigration court and has his lawful permanent resident status restored, he may file a motion under 28 U.S.C. § 2255 if timely." (document # 24)

On January 30, 2006, Movant filed the pending § 2255 motion.  Respondent contends that the motion should be dismissed as untimely.

## STATUTE OF LIMITATIONS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for motions filed under 28 U.S.C. § 2255. Specifically, § 2255 provides that the one-year limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

In this case, § 2255(1) applies and the limitations period runs from the date on which Movant's judgment of conviction became final. Here, Movant's conviction became final on September 26, 2002. (document # 26) Accordingly, Movant's § 2255 motion was due on or before September 26, 2003.

Movant did not file his § 2255 Motion until January of 2006, over two years after the limitations period expired. Thus, Movant's § 2255 motion is untimely. The Court, therefore, need not reach the merits of Movant's claims unless Movant establishes a basis for equitable tolling.

## EQUITABLE TOLLING

The § 2255 limitations period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004)(clarifying that the limitations period contained in § 2255 is subject to equitable tolling). To qualify for equitable tolling, movant must establish that circumstances beyond his control or government misconduct made it impossible for him to file a timely § 2255 motion. Id. Equitable tolling is only appropriate when "external forces" account for petitioner's failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104,

- 2 -

1107 (9th Cir. 1999). Movant bears the burden of establishing that he is entitled to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Movant has not made any attempt to make such a showing. Nothing in the record suggests that an extraordinary circumstances impeded Movant's efforts to pursue his § 2255 motion.

Additionally, Movant's status as an inmate and lack of legal assistance do not constitute extraordinary circumstances warranting equitable tolling. See, Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that fact that an inmate law clerk was assisting petitioner does not relieve petitioner from personal responsibility of complying with the law); Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim); United States v. Van Poyck, 980 F.Supp. 1108 (C.D.Ca. 1997)(defendant's inability to secure transcripts and four general lockdowns at prison lasting several days and allegedly eliminating access to the law library did not constitute extraordinary circumstances for purposes of tolling the one-year limitations period). Movant does not allege that a language barrier prevented him from filing a timely § 2255 motion. See Mendoza v. Carey, No. 04-56733, 3006 WL 1543020, * 5 (9th Cir., June 7, 2006)(holding that a non-English speaking petitioner could be entitled to equitable tolling if he established that he lacked English-language ability, was denied access to Spanish-language legal materials, and could not procure a translator during the running of the limitations period). In summary, equitable tolling is not appropriate in this case. Because Movant's § 2255 Motion is untimely and he fails to establish a basis for tolling the statute of limitations, the undersigned recommends dismissing the Motion.

Accordingly,

IT IS HEREBY RECOMMENDED that the Respondents' Motion to Dismiss (document # 4, CV-06-357-PGR (ROS) be **GRANTED** and that Movant's Motion to Vacate,

1  Correct, or Set Aside Sentence by person in Federal Custody pursuant to 28 U.S.C. § 2255
2  (document # 44, CR-02-422-PHX-PGR (LOA)) be **DENIED.**

3        This recommendation is not an order that is immediately appealable to the Ninth
4  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
5  Appellate Procedure, should not be filed until entry of the District Court's judgment. The
6  parties shall have ten days from the date of service of a copy of this recommendation within
7  which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72,
8  6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which
9  to file a response to the objections. Failure timely to file objections to the Magistrate Judge's
10 Report and Recommendation may result in the acceptance of the Report and Recommendation
11 by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
12 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the
13 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
14 findings of fact in an order or judgment entered pursuant to the Magistrate Judge's
15 recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

16       DATED this 19th day of June, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28